UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
In re Application of

FERNANDO CELSO DE AQUINO CHAD, *as*
*Judicial Administrator in Bankruptcy of Proema*        19mc261
*Automotiva S.A., Bowden Industrial LTDA., and*
*Interamna Participações S.A.*                           MEMORANDUM & ORDER

For an Order to Conduct Discovery for Use in
Foreign Proceedings.
------------------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

        Fernando Celso De Aquino Chad (the "Applicant") submits this application for judicial assistance pursuant to 28 U.S.C. § 1782, in which he seeks discovery from various financial institutions for use in the Brazilian bankruptcy proceeding (the "Bankruptcy Proceeding") of Proema Automotiva S.A., Bowden Industrial LTDA., and Interamna Participações S.A. (the "Proema Group").  See Case No. 1027309-48.2014.8.26.0564, 9th Civil Court of São Bernardo do Campo, São Paulo, Brazil.  For the reasons that follow, the application is granted in part and denied in part.

## BACKGROUND

        The Applicant is the Judicial Administrator of the Bankruptcy Proceeding. (Declaration of Fernando Celso De Aquino Chad in Support of Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, ECF No. 1-3 ("Chad Decl."), ¶ 2.)  The Proema Group, a part of the automotive manufacturing industry in Brazil, purportedly maintained a web of at least 12 related companies managed by Paolo Paparoni and his son Ricardo and daughter Cristiana.  (Chad Decl. ¶ 6.)  Many of the related companies lack assets and allegedly exist solely

to dodge "the strict control by automakers . . . over Proema Group's activities." (Chad Decl. ¶¶ 6–7.)

In December 2014, the Proema Group filed for reorganization and, to date, owes a total debt of over $86 million. (Chad Decl. ¶¶ 10–11.) Evidence obtained during the course of the Bankruptcy Proceeding suggests that Paolo Paparoni created a series of closely-held entities located in Brazil, the United States, Uruguay, and Panama, "possibly in anticipation of the Bankruptcy Proceeding, that are believed to act as vehicles to hold assets beneficially controlled by [the Proema Group] and/or by the Paparoni family, and may have been used to conceal their assets and transactions in order to avoid liability." (Chad Decl. ¶ 13.) Ultimately, the Applicant believes that the Proema Group, the Paparoni family, and their related companies (collectively, the "Discovery Subjects") "are concealing assets and ultimate beneficial ownership of those assets." (Chad Decl. ¶ 14.) A veil-piercing proceeding related to the Bankruptcy Proceeding is pending in Brazil. (Chad Decl. ¶ 12.) And the Applicant claims that Paolo Paparoni has a history of diverting assets. (Chad Decl. ¶ 8.)

The Applicant states that his "ongoing statutory duties" as Judicial Administrator of the Bankruptcy Proceeding "include the location and realization of the three insolvent estates for distribution to creditors." (Chad Decl. ¶ 20.) And he claims that the Discovery Subjects performed wire transactions in the United States and conducted business using U.S. dollars in order to divest the Proema Group's assets. (Chad Decl. ¶¶ 4, 18, 23.) The Applicant makes no allegations that any of the wire transactions originated or were received in this District.

In view of the alleged divesting transactions, the Applicant seeks discovery related to any wire transfers originated or received by the Discovery Subjects, which he believes are "the best means of targeting or gathering evidence" related to the "opaque financial dealings"

of the Proema Group. (Chad Decl. ¶ 21.) He seeks such evidence from all financial institutions in the U.S. "where funds are believed to be held in [the Discovery Subjects'] names." (Chad Decl. ¶¶ 22–23.)

Specifically, the Applicant requests "[l]ogs and spreadsheets listing all wire transfers received by any person or entity listed in Table A [(which lists the Discovery Subjects)], in which transfers the [targeted bank] acted solely as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer. Th[e] [r]equest is limited to searches regarding wire transfers occurring during the period beginning November 1, 2011 through and including the present date; [and] [t]o the extent not included in Document Request 1, logs or spreadsheets of all CHIPS, SWIFT, or Fedwire payment messages regarding any wire transfer initiated or received by any person listed in Table A," subject to the same criteria. (Sample Subpoena, ECF No. 1-1 ("Sample Subpoena"), at 4 (emphasis omitted).)

The Applicant seeks evidence from the following financial institutions (collectively, the "Banks"): Citibank, N.A. ("Citibank"); Bank of New York Mellon Corporation ("BNY Mellon"); Société Générale; HSBC Bank USA, N.A. ("HSBC"); BNP Paribas USA; JPMorgan Chase Bank, N.A. ("JPMorgan"); Barclays Bank PLC; Deutsche Bank Trust Co. Americas; Bank of Nova Scotia; Wells Fargo Bank, N.A.; UBS AG, Bank of America, N.A.; Standard Chartered Bank; Commerzbank AG; Bank of China USA – New York Branch; Safra National Bank of New York; and the Clearing House Payments Company LLC.

3

DISCUSSION

I. Standard

"A discovery application under 28 U.S.C. § 1782 presents two inquiries: first, whether the district court is authorized to grant the request; and second, if so, whether the district court should exercise its discretion to do so." In re Sargeant, 278 F. Supp. 3d 814, 819 (S.D.N.Y. 2017). A district court "has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015) (quotation marks omitted). "Once those statutory requirements are met, a district court may grant discovery under § 1782 in its discretion." Mees, 793 F.3d at 297.

"This discretion, however, is not boundless, but must be exercised in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." Mees, 793 F.3d at 297–98. The Supreme Court has enumerated four factors that bear consideration: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case, "the need for § 1782(a) is generally not as apparent"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the § 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a

foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264–65 (2004).

II.     Section 1782 Requirements

"Although § 1782 does not define what it means to reside or be found in a district, courts in this District—including this one—have held that, at minimum, compelling an entity to provide discovery under § 1782 must comport with constitutional due process." Matter of Fornaciari for Order to Take Discovery Pursuant to 28 U.S.C. §1782, 2018 WL 679884, at *2 (S.D.N.Y. Jan. 29, 2018); In re Sargeant, 278 F. Supp. 3d at 820; cf. Austl. & N.Z. Banking Grp. Ltd. v. APR Energy Holding Ltd., 2017 WL 3841874, at *4 (S.D.N.Y. Sept. 1, 2017) (analogizing to Second Circuit precedent requiring that a court have personal jurisdiction to order a non-party to comply with a discovery request under Rule 45). This requires that the Banks be incorporated or have their principal place of business in the forum state, or that their "affiliations with the State [be] so 'continuous and systematic' as to render [it] essentially at home in the forum State," BNSF Ry. Co. v. Tyrell, 137 S. Ct. 1549, 1558 (2017) (citation and quotation marks omitted), or that they have sufficient contacts with the forum that relate to the requested discovery or from which the discovery order arises, see Gucci Am., Inc. v. Weixing Li, 768 F.3d 122, 142 (2d Cir. 2014); Austl. & N.Z. Banking Grp. Ltd., 2017 WL 3841874, at *5.

For Citibank, BNY Mellon, HSBC, and JPMorgan, the Applicant alleges that they are headquartered in New York. (Chad Decl. ¶¶ 25, 26, 28, 30.) Accordingly, the first requirement is satisfied as to those Banks. See Matter of Fornaciari, 2018 WL 679884, at *2; In re Sargeant, 278 F. Supp. 3d at 820–21. For the remainder of the Banks, the Applicant merely states that they conduct business and maintain branch offices in New York. Such allegations are insufficient to allege "that due process is satisfied on the basis that [they are] at home in the

5

Southern District of New York, and to the extent that [the Applicant] premises general jurisdiction on the mere existence of [their] offices in this District, such argument is foreclosed by Daimler AG v. Bauman, 134 S. Ct. 746 (2014)." See Matter of Fornaciari, 2018 WL 679884, at *2; In re Sargeant, 278 F. Supp. 3d at 820–21.

And because the Applicant fails to allege or explain how the requested discovery relates to the non-NY headquartered Banks' contacts with this forum, the statute is not satisfied. See Matter of Fornaciari, 2018 WL 679884, at *2; In re Sargeant, 278 F. Supp. 3d at 820–21; Austl. & N.Z. Banking Grp. Ltd., 2017 WL 3841874, at *5. Specifically, the Applicant claims that the Banks "act as correspondent, intermediary, or otherwise clearinghouse banks for U.S. dollar-denominated wire transfers passing from domestic banks to international banks, and vice versa, where funds are believed to be held in the names of the [Proema Group], the Paparoni family and their affiliates," but makes no allegations that any of these wire transfers are directed at or from New York. (Chad Decl. ¶ 22.)

With respect to Citibank, BNY Mellon, HSBC, and JPMorgan, the second requirement is satisfied because the discovery is for use in a Brazilian bankruptcy, and the Applicant argues that he needs the discovery to determine whether the Proema Group is divesting assets. See Lancaster Factoring Co. v. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) ("A bankruptcy proceeding . . . is within the intended scope of § 1782."); In re Sargeant, 278 F. Supp. 3d at 822 (holding that discovery sought to trace assets likely satisfied the second requirement). The third requirement is satisfied as to those Banks because the Applicant is the Judicial Administrator of the underlying bankruptcy proceeding. See Lancaster, 90 F.3d at 42 (holding that the agent of a bankruptcy trustee was an interested person); Intel, 542 U.S. at 256

(explaining that an interested person has "participation rights" and "posses[es] a reasonable interest in obtaining [judicial] assistance" (alterations in original)).

Therefore, this Court's consideration of the discretionary factors focuses solely on Citibank, BNY Mellon, HSBC, and JPMorgan.

III. <u>Discretionary Factors</u>

Most of the discretionary factors weigh in favor of granting the application. First, the Banks are not and likely will not be participants in the Bankruptcy Proceeding. (See Chad Decl. ¶ 45.) Next, there is no indication that the discovery requests conceal an attempt to circumvent foreign proof-gathering restrictions. (See Chad Decl. ¶ 45.) And the requests are not "unduly intrusive or burdensome" because they are of limited scope. While the requests' temporal scope is approximately 7.5 years, they are limited to logs and spreadsheets of wire transfers involving the Proema Group and related entities, and only pertain to wire transfers in which the requested Bank "acted solely as an intermediate bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer." (See Sample Subpoena at 4.) See In re Application of Consellior Sas, 2017 WL 449770, at *2 (S.D.N.Y. Feb. 2, 2017) ("This factor simply requires that the subject matter of the request[ ] [be] reasonably tailored to speak to the claims and defenses raised in the proceedings at issue." (quotation marks omitted) (alterations in original)).

On the other hand, while the Applicant represents that the Banks "are commonly known to act as correspondent, intermediary, or otherwise clearinghouse banks for U.S. dollar-denominated wire transfers passing from domestic banks to international banks, and vice versa, where funds are believed to be held in the names of the" Discovery Subjects, he offers no basis to conclude that these Banks actually executed transactions for the Discovery Subjects. (Chad

7

Decl. ¶ 22.) In addition, the Applicant offers essentially no argument regarding the nature of the foreign tribunal or the receptivity of the Brazilian government or courts to U.S. requests for judicial assistance.

Ultimately, given the minimal burden of producing limited transaction records and the importance such documents may play in the Bankruptcy Proceeding, the § 1782 application is granted with respect to Citibank, BNY Mellon, HSBC, and JPMorgan.

## CONCLUSION

For the foregoing reasons, the Applicant's application is granted in part and denied in part. Subpoenas in substantially the same form as Exhibit A to the Chad Declaration may be directed to Citibank, BNY Mellon, HSBC, and JPMorgan. This Court retains jurisdiction as is necessary to effectuate the terms of the Subpoenas. With respect to the remaining Banks, the application is denied without prejudice. The Clerk of Court is directed to terminate all pending motions and to mark this case as closed.

Dated: June 17, 2019
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.